# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jamie Flack, LLC,** <br> **a Pennsylvania LLC** <br> **d/b/a Rustique** <br><br> Plaintiff, <br><br> v. <br><br> **Rustique Specialty Gifts, LLC** <br><br> Defendant. | ) <br> ) <br> ) No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) |

## COMPLAINT FOR
## UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Jamie Flack, LLC d/b/a Rustique ("Rustique"), by and through its undersigned counsel, for its Complaint against Defendant, Rustique Specialty Gifts, LLC ("RSG") alleges as follows:

## THE PARTIES

1. Plaintiff is a Pennsylvania Limited Liability Company with its principal place of business at 168 United Penn Plaza, Kingston, PA 18704.

2. Upon information and belief, Defendant is a Pennsylvania Limited Liability Company with a principal place of business at 3154 Memorial Hwy., Suite 100, Dallas, PA 18612.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C.§ 1338(a) and (b) because this action arises under the Lanham Act (15 U.S.C. §§1051-1127); and 28 U.S.C. §1367 (supplemental jurisdiction).

4. Upon information and belief, this Court has personal jurisdiction over the Defendant because it is located within the Middle District of Pennsylvania, and it conducts business within the Middle District of Pennsylvania.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Defendant transacts business and/or maintains an office or business location, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this District.

## FACTS

6. Plaintiff Rustique is the owner of a well known store that sells gifts and home décor products, and provides various services in connection with the mark RUSTIQUE (hereinafter the "Rustique Mark").

7. Rustique gained attention after it opened its store at Kingston Corners in Kingston, Pennsylvania in November 2014; specifically, on Black Friday.

8. Rustique has used the Rustique Mark in connection with the sale of gifts, home décor products, paints and painting equipment, furniture, and furnishings. Rustique also has used the Rustique Mark in connection with the rendering of various services including, but not limited to retail store services featuring the goods of others, promoting

the products of others, conducting educational workshops relating to home décor and furniture refinishing, providing information in the field of home décor and furniture finishing, providing entertainment in the nature of shopping events that include wine and refreshments, making custom ordered furnishings /wall-hangings for others, and rental of furniture. For clarity, the above list of goods and services are hereinafter referred to as "Plaintiff Rusitque's Goods and Services."

9. The Rustique Mark is featured prominently in Rustique's marketing, signage and, on the company's website, shoprustique.com, and on the company's Facebook profile https://www.facebook.com/shoprustiquekingston.

10. Exhibit 1 shows Plaintiff's Rustique Mark prominently displayed outside the store location on the building where Plaintiff Rusitque's Goods and Services are purchased and rendered.

## DEFENDANT'S INFRINGING CONDUCT

11. In April 2016, Defendant commenced operation of a gift shop using a confusingly similar name RUSTIQUE SPECIALTY GIFTS offering gifts, home décor merchandise, and related goods.

12. Exhibit 2 is an example of Defendant's unauthorized use of Plaintiff's Rustique Mark.

13. Defendant's use of Plaintiff's Rustique Mark creates an inference that Defendant, with actual knowledge, acted in bad faith, intending to cause consumer confusion and trade on Rustique's established goodwill and reputation.

14. Plaintiff is a licensed distributor of a particular brand of federal trademarked paint products. Customers traveling to Pennsylvania from other states to purchase these paint products from Plaintiff's Rustique in Kingston, have become confused by the existence of Defendant's unauthorized RUSTIQUE branded store in the same region, and traveled to Defendant's store by mistake.

15. Rustique has demanded that Defendant cease and desist from unlawfully appropriating the Rustique Mark.

16. Notwithstanding Plaintiff's demands that Defendant cease and desist from its infringement, Defendant willfully, intentionally and maliciously, and in conscious disregard for Plaintiff's rights, and only in furtherance of Defendant's pecuniary interest, continues to use Plaintiff's Rustique Mark.

## COUNT I
## Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition False Designation of Origin, False Description and False Representation)
## RUSTIQUE

17. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-16, inclusive of this Complaint.

18. Continuously, since at least as early as 2014, Plaintiff has used in commerce the Rustique Mark in connection with Plaintiff Rusitque's Goods and Services.

19. Plaintiff Rustique has obtained common law trademark rights for the Rustique Mark as used in connection with Plaintiff Rusitque's Goods and Services.

20. As a result of Plaintiff's longstanding continuing use of the Rustique Mark to identify Plaintiff Rusitque's Goods and Services, the Rustique Mark has come to symbolize a source of high quality to the consuming public.

21. Plaintiff Rustique has maintained, and continues to maintain, the highest standards of quality in connection with the sale of Plaintiff Rusitque's Goods and Services under the Rustique Mark.

22. Upon information and belief, Plaintiff's Rustique Mark is inherently distinctive to the public, and serves primarily as a designator of origin of Plaintiff Rusitque's Goods and Services.

23. As a result of the widespread use of Plaintiff's Rustique Mark, (a) the public and the trade use Plaintiff's Rustique Mark to identify and refer to Plaintiff, (b) the public and the trade recognize that such designations refer to a high quality products and services emanating from a single source, and (c) Plaintiff's Rustique Mark has built up secondary meaning and extensive goodwill.

24. Defendant has used and is using a copy, variation, simulation or colorable imitation of the Rustique Mark in connection with offering retail store services featuring gifts, home décor merchandise, and related goods with full knowledge of the prior use of the Rustique Mark by Plaintiff Rustique.

25. Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's Rustique Mark for retail store services featuring gifts, home décor merchandise, and related goods infringes on Rustique's, is likely to cause confusion,

mistake, or deception, constitutes trademark infringement, and constitutes unfair competition.

26. Defendant's actions constitute a false designation of origin, a false description of Plaintiff Rusitque's Goods and Services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Rustique.

27. Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

28. Defendant is causing immediate and irreparable injury to Rustique, and to Rustique's goodwill and reputation. Defendant will continue to damage Plaintiff Rustique and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

29. Plaintiff Rustique has no adequate remedy at law.

## COUNT II
## Common Law Trademark Infringement

30. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-29, inclusive of this Complaint.

31. Defendant's actions constitute trademark infringement under common law.

32. Defendant is causing immediate and irreparable injury to Plaintiff Rustique, and to its goodwill and reputation, and will continue to damage Plaintiff Rustique and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court. Plaintiff Rustique has no adequate remedy at law.

## COUNT III
## Common Law Unfair Competition

33. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-32, inclusive of this Complaint.

34. Defendant's actions constitute unfair competition, a false designation of origin, a false description of Rustique's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Rustique.

35. Defendant's acts constitute unfair competition.

36. Defendant is causing immediate and irreparable injury to Plaintiff Rustique, and to its goodwill and reputation, and will continue to damage Plaintiff Rustique and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

37. Plaintiff Rustique has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rustique prays that this Court enter judgment against Defendant as follows:

1. That Defendant, its associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys, and all persons in active concert, cooperation and/or participation with it, be enjoined from:

(a) engaging in any further acts of infringing Plaintiff's intellectual property, including business identity and trademarks as described herein;

(b) using any false designation of origin or false description, including the use of Plaintiff's Mark, that can, or is likely to, lead the consuming public, or individual members thereof, to believe that any goods or services produced, advertised, promoted, marketed, provided, or sold by Defendant are in any manner associated or connected with Plaintiff, or are advertised, promoted, marketed, sold, licensed, sponsored, approved or authorized by Plaintiff; and

(c) unfairly competing with Plaintiff in any manner whatsoever.

2. That Defendant be required to account to Plaintiff for Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendant's acts or infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that Plaintiff's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

3. That Defendant be compelled to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

4. That Defendant be compelled to pay Plaintiff punitive damages.

5. That Defendant account to Plaintiff for its profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement.

6. That Plaintiff be awarded pre-judgment interest as allowed by law.

7. That Plaintiff be awarded the costs of this action.

8. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims that may be tried by a jury.

Dated: August 12, 2016

Respectfully submitted,

RIDDLE PATENT LAW, LLC

By: s/Charles L. Riddle/
Charles L. Riddle, Esq. (PA 89,255)
434 Lackawanna Ave., Suite 200
Scranton, PA 18503
(570) 344-4439 p.
(570) 300-1606 f.
charles@charleslriddle.com
*Counsel for Plaintiff Jamie Flack, LLC*